**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Matthew W. Gross, SBN 324007
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF INYO, INYO COUNTY SHERIFF'S DEPARTMENT, TAMMY McDEVITT, and PERLA PEREZ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF INYO, INYO COUNTY SHERIFF'S DEPARTMENT, JEFF R. HOLLOWELL, TAMMY McDEVITT, PERLA PEREZ, and DOES 1 through 20, inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. 1:20-cv-01040-JLT<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING SETTLEMENT CONFERENCE**<br><br>(Doc. 16) |

The parties stipulate and agree to using Magistrate Judge Thurston, after filing the waiver of disqualification (ECF 15), and request that the Court set a settlement conference for December 18, 2020.

Dated: October 30, 2020
                PORTER SCOTT
                A PROFESSIONAL CORPORATION

                By  */s/ Matthew W. Gross*
                   Carl L. Fessenden
                   Matthew W. Gross
                   Attorneys for Defendants

Dated: October 30, 2020                    LAW OFFICE OF VICTORIA L. CAMPBELL


                                           By ____*/s/ Victoria L. Campbell*____
                                                  Victoria L. Campbell

## [PROPOSED] ORDER

Based upon the Stipulation of the parties and their waiver of disqualification (Doc. 15), the Court **ORDERS**:

1. The Court sets a settlement conference on December 18, 2020 at 1 p.m. Due to the ongoing closure of the courthouse, the settlement conference will proceed via Zoom. The Court will provide login information as the date approaches;

2. **At least 21 days before** the settlement conference, the plaintiff **SHALL** submit to the defendants via fax or e-mail, a written itemization of damages and a meaningful[1] settlement demand, including a brief explanation of why such a settlement offer is appropriate. **No later than 14 days before** the settlement conference, the defendants **SHALL** respond via fax or e-mail, with an acceptance of the offer or with a meaningful counteroffer, which includes a brief explanation of why such a settlement is appropriate. **The parties SHALL continue to exchange counteroffers until it is no longer productive.** If settlement is not achieved, each side **SHALL** attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below. Copies of these documents shall not be filed on the court docket.

3. **At least five court days before** the settlement conference, the parties shall submit, directly to Judge Thurston's chambers by e-mail to JLTOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement **should not be filed** with the Clerk of the Court **nor served on any other party**, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on

---

[1] "Meaningful" means the offer is reasonably calculated to settle the case on terms acceptable to the offering party. "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party. If, however, the offering party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing the settlement conference via stipulation.

{02311639.DOCX}  3

1 |       the claims and defenses; and a description of the major issues in dispute.

2 C. A summary of the proceedings to date.

3 D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

4 E. The relief sought.

5 F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

IT IS SO ORDERED.

Dated: __October 30, 2020__          /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE